## IN RE: GUARDIANSHIP OF SPEILLER
### Case No. 82-2391 CP
Fifteenth Judicial Circuit, Palm Beach County
October 30, 1987

### APPEARANCES OF COUNSEL

**Michael Dribbin** for guardian.
**Patrick J. Casey,** guardian ad litem.

### OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

### ORDER SETTING COMPENSATION TO GUARDIAN AND APPROVING EXPENSES

Irene Speiller is the guardian of the property of her son, Adam

Morton Speiller, a minor. She has petitioned the court for an order authorizing compensation for services rendered in amount of $8,240, and directing the sum of $15,000 be paid to her from the assets of the minor's estate for the reimbursement of certain expenses relating to his care, support and maintenance during the calendar year 1986.

The court appointed Patrick J. Casey, attorney, as guardian ad litem for the minor to make an investigation and report to the court concerning the matters set forth in the guardian's petition. The guardian ad litem submitted his written report to the court.

The cause came before the court for hearing September 23, 1987, in the presence of the guardian, her attorney and the guardian ad litem. The court received testimony, evidence, guardian ad litem's report, argument of counsel and makes the following findings:

1. The guardian claims to have expended 824 hours pursuing her duties and submits to the court $10 is reasonable. Mrs. Speiller is unemployed and considers the management of her son's portfolio her "full time employment." The portfolio does consist of approximately $799,000 in various securities.

2. Mrs. Speiller also has a person stock portfolio but it is much smaller than that of her son and her efforts in managing both portfolios have been most successful.

3. In her petition for fees she claims an expenditure of 570 hours attending to stock market activities and the court finds that expenditure of time unreasonable to be charged to the ward's estate. The court reduces this time to 3 hours a week for a total of 156 hours.

4. Mrs. Speiller also claims in her petition for fees the expenditure of 175 hours for the preparation of the 1986 annual accounting. The court finds this expenditure of time unreasonable and reduces it to 40 hours.

5. Because of the magnitude of the stock portfolio subject to this guardianship proceeding and the skill and ability evidenced by Mrs. Speiller, the court finds $25. an hour would be a reasonable fee for services rendered as guardian of the property concerning her efforts relating to the stock portfolios and annual accounting. As to other services, the court finds $15. per hour to be reasonable.

6. Making the above adjustments to the number of hours expended by the guardian, the court finds a total expenditure of 275 hours to be reasonable. Multiplying 196 hours by $25. equates a reason-

able fee of $4,900., and multiplying 79 hours by $15. equates a reasonable fee of $1,185. The total the court allows as reasonable fees for the guardian's efforts is $6,085.

Mrs. Speiller has attached to her petition an itemization of her annual income and expenses resulting in a deficit of $15,124., for which she seeks reimbursement from the ward's estate. The court makes the following findings:

7. The personal expenses of the guardian are not properly reimbursable from the guardianship assets. These expenditures include payments upon the principal and interest on the residence owned by the guardian individually, taxes, insurance, repairs, maintenance upon this residence, together with utilities, automobile expense, food and groceries, outside meals, Master Card, Visa, J. C. Penney and baby sitter services.

8. Certain expenses were incurred relating to medical, dental and clothing on behalf of the ward which totaled $2,710, together with an additional $3,021 relating to the ward's sporting events, entertainment and educational items. This total sum, $5,191 is reimbursable to the guardian from the ward's estate. The court does recommend to the guardian that such future expenses be more adequately documented.

Florida Statute 744.397(1) does give the court discretion to utilize the property of the ward's estate for his care, support, education and maintenance under circumstances where his mother is not completely able to support him.

At the hearing the court directed the guardian to prepare a monthly budget relating the ward's occupancy of the residence, any expenses which the guardian specifically attributes to her son's occupancy, together with food, outside meals and transportation.

Irene Speiller is a healthy, intelligent, independent and personable individual, fully capable of supporting herself. Our laws impose upon her the legal obligation to support her minor son to the best of her ability. She has voluntarily chosen not to seek or pursue gainful employment outside the home which has resulted in her inability to financially support herself and her son.

Her reason for the ultimate decision is indeed laudable, as I am sure many mothers desire to be full time mothers to their children, leaving financial responsibility for support to someone else—but in this case there is no one else.

The court has now received the guardian's budget and files it in the

**53**

court file. Succinctly, the budget reflects the following expenditures for her son:

| | |
|---|---|
| Meals, (annually) | $3,961.18 |
| Medical, dental, clothing, shoes and haircuts | $2,170.00 |
| Sports | $446.00 |
| Entertainment | $585.00 |
| Educational | $1,290.00 |
| TOTAL | $8,452.18 |

Query: What would Irene Speiller do if her son did not own a sizeable financial estate?

Irene Speiller's minimum obligation to financially support her son requires she at least provide him with basic shelter, food and clothing, which responsibility cannot be avoided because she chooses not to seek gainful employment.

Those expenses to be incurred relating to sports, entertainment and education appear to be reasonable and necessary under the circumstances and directly relate to the welfare of her son, are approved by the court, together with the medical and dental expenses listed on the budget. The court is somewhat hesitant in allowing the expenditure of the ward's funds for his medical and dental treatment, as such expenditures truly are the responsibility of the parent. Under the factual situation presented, the court is concerned the ward might very well be deprived of proper medical attention if provision is not made therefor.

It is thereupon,

ADJUDGED:

1. The court approves the sum of $5,191, to the guardian for reimbursed expenditures during the calendar year 1986.

2. The court approves on an annual basis, if such expenditures are actually incurred *and documented*, the following yearly expenses for Adam:

| | |
|---|---|
| Medical and dental | $700.00 |
| Sports | $450.00 |
| Entertainment | $600.00 |
| Educational | $1,300.00 |
| TOTAL | $3,050.00 |

3. The court fixes the guardian's fees for her efforts during the calendar year 1986 in the amount of $6,085.

ORDERED October 30, 1987, at West Palm Beach, Palm Beach County, Florida.